# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARSHDEEP SINGH,<br>　　　　　Petitioner,<br><br>　　　v.<br><br>LEONARD ODDO, et. al.,<br>　　　　　Respondents. | )<br>)<br>)　　Civil No. 26-920<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Pending now before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) filed by Harshdeep Singh ("Singh").  Leonard Oddo, et.al. (collectively, "Respondents") filed a response in opposition on May 27, 2026 (ECF No. 5).  The petition is ripe for decision.

Singh, a citizen of India, asserts that his continued detention violates due process.  He asserts that he has been detained since January 1, 2025 -- over sixteen months – without a bond hearing and his removal is not imminent because his appeal of the removal order remains pending before the Fifth Circuit Court of Appeals.  Petitioner asserts he has not been found to be a flight risk or danger to the community, and is entitled to an individualized bond hearing or immediate release.

Singh acknowledges that he was ordered removed from the United States on June 12, 2025, and the Board of Immigration Appeals dismissed his appeal on February 24, 2026 (ECF No. 1 at 4, 8).  This case, therefore, does not implicate detention under 8 U.S.C. §§ 1225 or 1226(a), as in many recent habeas cases.  Singh recognizes that a 90-day post-final-order removal period pursuant to 8 U.S.C. § 1231(a)(1)(B) was in effect until May 25, 2026.  Singh argues that his detention after May 25, 2026 is lawful, if at all, pursuant to 8 U.S.C. § 1231(a)(6).

<u>Discussion</u>

Singh argues his detention is unconstitutionally prolonged under the *German Santos* framework and independently exceeds the presumptive reasonable period set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The government argues that the petition should be dismissed.  The government maintains Singh's detention is within the presumptive reasonable period set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  The government argues, in the alternative, that Singh failed to meet his burden to demonstrate a good reason to believe his removal was not imminent and submitted an order from the Fifth Circuit Court of Appeals dated May 1, 2026, which denied Singh's motion to stay his removal pending review of his appeal (ECF No. 5-5).

With respect to Singh's detention, the government asserts: (1) detention was mandated by statute until May 25, 2026 (90 days after the administratively final removal order), pursuant to § 1231(a)(2);  and (2) detention is presumptively proper pursuant to § 1231(a)(6), which provides:

> An **alien ordered removed** who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, **may be detained beyond the removal period** and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6) (emphasis added).

In *Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022), the Supreme Court concluded "there is no plausible construction of the text of § 1231(a)(6) that requires the Government to provide bond hearings before immigration judges after six months of detention. . . ." *Id.* at 581. The Court commented:  "On its face, the statute says nothing about bond hearings before immigration judges or burdens of proof, nor does it provide any other indication that such

2

procedures are required." *Id.*   The court concludes that petitioner is properly detained pursuant to § 1231(a)(6).

The court is not persuaded by Singh's argument based on *Zadvydas*.  The Supreme Court established, for the sake of uniform administration, that a 6-month period of detention after a final removal order was presumptively reasonable.  *Zadvydas*, 533 U.S. at 701. It is only "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*  Here, as the government points out, the six-month post-final-removal order period does not expire until August 24, 2026.  Singh's detention prior to the order of removal does not affect this six-month period.

The Supreme Court further explained:

> This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

The dismissal on this ground is without prejudice in the event that Singh is able to show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  As the detention lengthens, the "reasonably foreseeable future" time of removal shrinks. *Davis*, 533 U.S. at 701.  As of the date of this opinion, Singh has not been detained post-final-removal order for more than 6 months.  His detention is presumptively reasonable.

In *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020), the court identified four factors to consider whether continued detention without a bond hearing is unreasonable: (1) duration of the detention; (2) whether the detention is likely to continue; (3) the reasons for the delay, but not holding an alien's good-faith challenge to his

3

removal against him; and (4) whether the alien's conditions of confinement are meaningfully different from criminal punishment. *Id.* at 211. [1] The government argues that Singh is not entitled to a bond hearing under this framework because he is subject to a removal order. *See Singh v. Lowe*, No. 3:26CV998, 2026 WL 1399924, at *3 (M.D. Pa. May 19, 2026) ("Petitioner, however, has pointed to no authority authorizing application of the *German Santos* factors to detainees held under 8 U.S.C. § 1231 (a)(6)."). Because the court determined that Singh's detention is not unconstitutional under *Zadvydas*, the court does not reach this issue. The court also does not decide the parties' dispute about whether Singh was required to exhaust his administrative remedies.

Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus (ECF No. 1), will be denied without prejudice to petitioner's ability to demonstrate that there is not a significant likelihood of removal in the reasonably foreseeable future.

An appropriate Order will be entered.

Dated:  June 9, 2026                                         BY THE COURT:

                                                            /s/ Joy Flowers Conti
                                                            Joy Flowers Conti
                                                            Senior United States District Court Judge

---

[1] In *German Santos*, the court explained:

> When an alien is first detained, we can presume that detention is needed to prevent flight or danger to the community. *Chavez-Alvarez*, 783 F.3d at 474. The benefit of detaining these aliens as a class outweighs their "short-term deprivation of liberty." *Id*. Eventually, though, that burden "outweighs a mere presumption that the alien will flee" or pose a danger. *Id*. at 474–75. "At this tipping point," we said, due process requires the Government to justify continued detention at a bond hearing. *Id.* at 475, 478.

*Id.* at 209.